Richardson, J.
delivered the opinion of the Court.
By an Act of 1712, the common law of England is made the law of South Carolina. Under this law, the case before the Court is to be decided.
The questions are as follows: — 1. Can a minor of full 18 years of age, according to the rules of the common law, make a last will of personal property ? 2. If such a will of a minor be good at common law; — then has the law been altered, by any Act of the Legislature 1
*168 If we regard the legal authorities, the first question is of easy solution. See 2Blac. Com. 497. This able jurist says, “ I proceed now, secondly, to inquire who may, or may not, make a testament; or what persons are absolutely obliged by law to die intestate.” The commentator then says, “ this law is entirely prohibitory: for, regularly, every person hath full power and liberty to make a will, that is not under some special prohibition by law or custom.” Here we have the general principle of the common law — every one may make a will, if not prohibited; “ which prohibitions” he continues, “are principally upon three accounts: for want of sufficient discretion; for want of sufficient liberty and free will; and on account of criminal conduct.” And we cannot but perceive the proper object and sense of the exceptions to the general liberty of making a will — which sense and object are to be kept in view, in order to decide rationally, and judicially, the case before the Court.
The commentator then continues and exemplifies these exceptions. As to the first, he says, — “in the first species, i. e., want of discretion, are to be reckoned infants under the age of 14, if males, and 12 if females; which is the rule of the civil law. For though some of our common-lawyers have held that an infant of any age (even 4 years old) might make a testament, and others have decided that under 18 he is capable, yet as the ecclesiastical Court is the judge of every testator’s capacity, this case must be governed by the rules of the ecclesiastical law. So that no objection can be admitted to the will of an infant of 14 years for want of age. But if the testator was not of sufficient discretion, whether at the age of 14 or four and twenty, that will overthrow his testament.”
It cannot escape observation, that even in the strictest common law sense, no lawyer has ever denied that a minor of 18 years, which is the present case, and age of Martha Posey, may make a testament of his personal property.
There can be no doubt of the general rules or limitations to testators, as laid down by the great commentator. (He refers to Perkins, see 503; Co: Lit. 89; Godolph. Orph. Leg. p. L. C. 7 and 8; Went. 212; 2 Vern. 104, 469; Gilb. R. 74.) And these rules of limitations have been uniformly followed and treated by every commentator as established law. (See for example Har. Co. Litt. 90; Bing. Inf. 62; Swin. p. 12, sec. 2; Grimke, 42; Bac. Inf. B., 2 Am. Jar. 277; Shep. Touch.403; Went.214; McPherson,292; Reeves,239, &c.&c.)
It is from such commentators, and the many cases referred to, that we learn what is the common law; which is made our own law, by the Act of 1712.
Our bwn great commentator, Chancellor Kent, thus re-cognises the testamentary age. “Testaments of chattels *169 might at common law be made by infants at the age of 14 if males, and 12 if females. "This was the English rule until the statute 1 Vic. c. 26, which statute abolished the whole testamentary power of infants in England from that time. (1838.) Chancellor Kent says, “ The laws of the several States are not uniform on the point of age. In Yirginia, no person under 18 years of age can make a will of chattels; and by the New York revised statutes the age to make a will of personal estate is raised up to 18 in males, and 16 in females.”
Statutes 1821. ^esSei835— See 4 Kent 506. Kent 505^
Battles, 595, cP 401^’
x p¡ck 33g
5 Stai 106,
To these statutory regulations, let me add the law of Connecticut, which requires the age to be 17 years; while that of Massachusetts requires 18 years. In Ohio, Illinois, and Mississippi, females are competent to make a will of both real and personal estate at the age of 18. These alterations of the common law are by statutary regulations. Thus then, we perceive that a will of personal property by a minor of 18 years is good in any of those States; and we meet with nothing to the contrary in any of the States, except in the solitary instance cited from North Carolina, Williams v. Baker, and this decision was made by only two judges, against the opinion of Ch. J. Taylor, who utterly dissented.
The common law right of Martha Posey to make the present will is, therefore, I apprehend, placed beyond all difference in opinion; and whoever will attentively read the decision of Ch. J. Parker in Deane v. Littlefield, may be well led to doubt whether the common law testamentary age could be wisely changed to that of 21 years. It might perhaps be advisable to adopt, at most, the ages of 16 and 18 years, asa fair limitation, which has been done in so many of the States. But that a minor of 18 years can by common law make a testament, who can doubt, if he respects our own Act of 1712, and the law of its adoption ?
We come now to the second question of the case, — Has the common law been altered in this respect, either expressly or impliedly, by any Act of the Legislature ? The first Act having any bearing on the question is that of 1789. It enacts, “ That any person having right or title to any land, <fec. {femes coverts, persons of unsound mind, and infants excepted,) may dispose thereof by will in writing, to be signed by the person devising the same, or some other person in his place and by his express direction, and attested and subscribed by three credible witnesses in the presence of the said devisor.” The provision of three witnesses constitutes a guard of great moment to testators; but the Act relates to reed estates alone, and can by no construction be made to apply to testaments of personal property. This is satisfactorily illustrated — if any illustration could be necessary, by the uniform practice up to the year 1824 of admitting to probates wills of personal property, although they had no subscribing witness whatever, *170 if otherwise weli attested. The chief object of the Act of 1789 in the section referred to, was to place over all devisors the guard against similar influences, of three witnesses actually attesting the devise, and at the devisor’s request; and it was a desideratum early observed, that the same guards ought to be required in testaments of personal property; but still such wills uniformly passed probate without any such subscribing witnesses. It was equally desirable that none but men of mature a'ge should be executors as well as administrators.
6 Stat.238.
The Act of 1824 was then passed, which, among many amendments of the law, enacts, — “ That from and after the first day of May next, all wills or testaments of personal property shall be executed in writing and signed by the testator or testatrix, or by some other person in his or her presence, and by his or her express directions, and shall be attested and subscribed in the presence of the said testator or testatrix by three or more credible witnesses; or else they shall be utterly void and of no effect.” This Act of 1824 is very properly entitled, “ an Act for the amendment of the law in divers particulars therein mentioned.” This title gives us at once the clue, if not the key, of its proper character of particular and specific amendments of the law. To the amendments, therefore, the Act is to be confined, by its letter, spirit, and objects. The maxim expressio unis est exclusio dlterius, peculiarly applies to such amendments. How can we, then, so construe it, as to take away the vested right of minors, at common law, to make testaments of their personal property ? The converse would seem to follow, from the additional guard given to their wills, by the requisition of three attesting and subscribing witnesses; which constitutes so much safety -against impositions, and is plainly intended to protect, in extremis, the weak minded of all ages. The mischief had been felt; and the remedy is applied by the Act.
By the 2d section of the same Act, it is declared, — “ That no executor or executrix shall take upon himself or herself the administration of any will, or devise, unless he or she be at the full age of 21 years.” For what reason can this section take away the vested right of bequeathing property at common law ? The executors are required to be of full age, for good reasons. They ought to be men of practical sense and of business habits, before they undertake, the administration of the affairs of others. But how can such reasons have any bearing upon the general right.of minors to bequeath personal property? The testamentary right consisting in an indulgence to the wishes of the owner as to whom his property shall go, when he shall himself have no farther use for it. A testator has no competitors to delude, or make money at his expense; he gives, but does not bargain; and *171 accordingly the law allows the right of bequeathing, even to the weak minded — “ Sic volo, sic jubeo” is his lawful privilege : and he is therefore master of his own last will — unless imposed upon, or unduly influenced.
By this construction, the common law right of minors to bequeath personal property is preserved: the law assimilat- • ing to itself both the requisition of three witnesses to every last will, and the agency of executors of mature age. This preserves and improves our laws on last wills. The Court has therefore aimed in its construction of the Acts of 1789 and 1824, to consider them as specific and affirmative alterations of the common law, intended to improve, not destroy it — and of course such laws are in all other respects conformable to it.
It follows from such views of the common and statutory law of last wills, that a minor of 18 years of age may, still, make a bequest of his personal estate, by conforming to those statutory provisions.
The appeal is therefore dismissed.
Evans, J. and Frost, J. concurred.

Motion refused.

Withers, J.
— As a Judgé I feel constrained to hold that the testatrix was competent to make the will in question— for I suppose such to be the common law, no matter whence the principle be derived. At the same time I deem the decision to present an incongruity, and that the subject was omitted by accident in passing the Act of 1824. I am able to see, so far as mere policy is concerned, no reason why a minor shall not devise real estate, yet he may bequeath personalty.
O’Neall, J. and Wardlaw, J. concurred.